IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CV-85-D

| | |
|---|---|
| JOHN PHILLIP TOMSICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff John Phillip Tomsich ("plaintiff") challenges the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' motions for judgment on the pleadings (D.E. 18, 21). Both filed memoranda in support of their respective motions (D.E. 19, 22). In addition, plaintiff filed a supplemental memorandum (D.E. 27), and the Commissioner filed a response (D.E. 28). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 10 Feb. 2014 Order (D.E. 23)). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I.  BACKGROUND

  A.  Case History

Plaintiff filed an application for DIB on 2 November 2011 alleging the onset of disability on 23 March 2010. Transcript of Proceedings ("Tr.") 9. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 9. On 27 November 2012,

a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 24-63. The ALJ issued a decision denying plaintiff's claim on 29 January 2013 ("2013 decision"). Tr. 9-23. Plaintiff timely requested review by the Appeals Council. Tr. 5. On 12 February 2013, the Appeals Council admitted additional evidence (Tr. 4, 244-45, 914-26), but denied the request for review (Tr. 1-4). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 26 April 2013 pursuant to 42 U.S.C. § 405(g). (*See* Compl. (D.E. 1)).

### B. Subsequent ALJ Decision

On 14 March 2013, plaintiff filed an application for DIB, on which an ALJ issued a decision on 7 March 2014 (D.E. 27-1 at 5-10) ("2014 decision").[1] The ALJ found that plaintiff was disabled and awarded him disability insurance benefits. (*See id.* at 10 ¶ 11). The ALJ found the onset of disability to be 30 January 2013, one day after issuance of the 2013 decision in the instant case. (*Id.*).

### C. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an

---

[1] Citations to this document are to the page numbers assigned by the court's electronic CM/ECF filing system.

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. 423(d)(3).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["Listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such

impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### D. Findings of the ALJ

Plaintiff was 30 years old on the alleged onset date of disability and 33 years old on the date of the hearing. *See* Tr. 29. The ALJ found that plaintiff has at least a high school education. Tr. 21 ¶ 8. Plaintiff testified at the hearing that he had completed two years of college. Tr. 30.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since 23 March 2010, the date of the alleged onset of disability. Tr. 11 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: traumatic brain injury ("TBI"), cervical degenerative disc disease, history of carpal tunnel syndrome, migraines, obesity, osteoarthritis, anxiety, and posttraumatic stress disorder ("PTSD"). Tr. 11 ¶ 3. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals one of the Listings. Tr. 11 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform work at the light exertional level—that is, to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and to stand, walk, and sit for 6 hours in an 8-hour day. Tr. 13 ¶ 5; s*ee* 20 C.F.R. § 404.1567(b).[2] He further found that plaintiff was subject to the following limitations:

---

[2] Title 20 C.F.R. § 404.1567(b) defines "light work" as involving

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there

> [T]he claimant is restricted to no more than frequent fingering and handling with the right upper extremity, no reaching overhead, occasional balancing or climbing, and frequent stooping, crouching, kneeling, and crouching. Furthermore, the claimant has a decrease in the ability to concentrate on and attend to work tasks to the extent that he can only do simple, routine, repetitive (i.e., can apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variable in or from standardized situations). The claimant is limited to occasional interaction with co-workers and supervisors and no interaction with the public. The claimant is unable to work at a production pace and he is unable to work at jobs requiring complex decision making, constant change, or dealing with crisis situations.

Tr. 13 ¶ 5.

Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work. Tr. 21 ¶ 6. At step five, the ALJ accepted the testimony of a vocational expert ("VE") and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of marker, router, and mail clerk. Tr. 22 ¶ 10; 58. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 22 ¶ 11.

---

are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The *Dictionary of Occupational Titles* ("DOT") defines "light work" as:

Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

DOT app. C § IV, def. of "L-Light Work" (U.S. Dep't of Labor 4th ed. rev. 1991), http://www.oalj.dol.gov/libdot.htm (last visited 23 June 2014). "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 404.1567.

### E. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *See, e.g, Felts v. Astrue*, No. 1:11CV00054, 2012 WL

1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at *1-2.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II.  DISCUSSION

### A.  Plaintiff's Contentions

Plaintiff contends that the ALJ: (1) failed to meet his heightened duty to assist an unrepresented claimant to adequately develop the administrative record; and (2) erroneously gave greater weight to the opinion of physician's assistant Mary Marsh, PA-C than to the opinion of psychologist Reuben Silver, Ph.D.[3] Alternatively, plaintiff asserts that remand is necessary in light of the 2014 decision approving him for DIB. Because the court finds the issue of the subsequent disability determination dispositive of this appeal, it addresses only that issue below.

### B.  Standard for Remand under Sentence Six of 42 U.S.C. § 405(g)

Sentence six of 42 U.S.C. § 405(g) ("sentence six") provides for remand when evidence is submitted for the first time at the district court level. It permits remand, however, "only upon

---

[3] On page 1 of his supporting memorandum, plaintiff lists two additional issues, issues III and IV, that appear to have been included in error. Neither of the issues is addressed in the body of the memorandum, and issue IV references a "Mr. Blume" as the claimant.

a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Stanley v. Colvin*, No. 7:12-CV-134-FL, 2013 WL 2447850, at *7 (E.D.N.C. 5 Jun. 2013); *Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *8 (W.D. Va. 20 Feb. 2008). There are accordingly three distinct requirements under sentence six.

First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins*, 953 F.2d at 96; *Stanley*, 2013 WL 2447850, at * 7. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that the requirements of sentence six are met rests with the claimant. *See Fagg v. Chater*, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. 3 Feb. 1997); *Keith v. Astrue*, No. 4:11CV0037, 2012 WL 2425658, at * 2 (W.D. Va. 22 Jun. 2012) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff."), *rep. and recommendation adopted by* 2012 WL 4458649 (9 Aug. 2012).

### C. New Evidence

Turning to the first requirement—that the evidence be new—the court concludes that this requirement is met for the 2014 decision. That decision was not, of course, before the ALJ or the Appeals Council in the instant proceeding. Nor was any other decision by the Social Security Administration finding plaintiff to be disabled. The 2014 decision is therefore neither cumulative nor duplicative.

The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence"

within the meaning of sentence six. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA [*i.e.*, Social Security Administration] directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks omitted). As this court has held, "if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence." *Outlaw v. Colvin*, 5:11-CV-647-FL, 2013 WL 1309372, at *3 (E.D.N.C. 28 Mar. 2013); *see also Bryant v. Astrue,* No. 7:11-CV-54-D, 2012 WL 896147, at *2 (E.D.N.C. 15 Mar. 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts.").

Language in the recent per curiam decision by the Fourth Circuit in *Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936, at *1 n.* (4th Cir. 6 May 2013) does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, quotes and relies on the principle from *Allen* that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" *Baker*, 2013 WL 1866936, at *1 n.* (quoting *Allen*, 561 F.2d at 653). The court declines to follow *Baker* because it is unreported and therefore not binding precedent (as expressly noted in *Baker* itself, 2013 WL 1866936, at *1); it does not

address *Bird*; and it is factually distinguishable in that the plaintiff there did not, as here, meet "her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal," *id.* at *1 n.*

Aside from the 2014 decision itself constituting new evidence that plaintiff is disabled, it references an increase in plaintiff's Veteran's Administration ("VA") disability rating that was not before the ALJ or Appeals Council in the instant case. Specifically, the ALJ stated that the VA had increased plaintiff's disability rating (apparently from 80%) to 100% effective 9 August 2012, five months before the ALJ issued the 2013 decision. (2014 Dec'n 8). In the 2013 decision, the ALJ referenced and presumably considered only the prior VA disability rating of just 80%. Tr. 19 ¶ 5. Because the evidence that plaintiff's VA disability rating was adjusted from 80% to 100% is neither cumulative nor duplicative, the court finds that it constitutes additional new evidence for the purpose of the remand analysis.

### D. Material Evidence

Regarding the materiality requirement, the court finds that the 2014 decision is material. The gap between the period of disability covered by it and the period covered by the 2013 decision is only one day. Remand has been found by this court to be warranted when there is little or no intervening gap between a denial of disability and a finding of disability. *See Smith v. Astrue*, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. 2 Sept. 2011) ("The finding of disability commencing only four days after the denial of disability is new and material evidence, and . . . calls into question whether all material evidence was considered in the former determination."); *see also Pulley v. Colvin*, No. 4:11-CV-85-FL, 2013 WL 2356124, at *4 (E.D.N.C. 29 May 2013) ("This court in prior decisions has remanded on the same basis presented here, where the Social Security Administration finds the claimant disabled in a period

commencing within the same month after the first ALJ's denial of disability." (citing *Brunson v. Colvin*, No. 5:11-CV-591-FL, 2013 WL 1332498, at *2-3 (E.D.N.C. 29 Mar. 2013))); *Kirkpatrick v. Colvin,* No. 5:12-CV-263-D, 2013 WL 1881315, at *2 (E.D.N.C. 6 May 2013); *Outlaw*, 2013 WL 1309372, at *2-3 ("[A] subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination."); *Laney v. Astrue*, No. 7:10-CV-174-FL, 2011 WL 6046312, at *2 (E.D.N.C. 5 Dec. 2011).

Moreover, the impairments that are the basis of the finding of disability in the 2014 decision substantially overlap those at issue in the instant decision. *See Kirkpatrick*, 2013 WL 1881315, at *2 ("The [subsequent] disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap."). Specifically, in both cases, TBI, PTSD, and migraine headaches were found to be severe impairments. *See* Tr. 11 ¶ 3; 2014 Dec'n 7 ¶ 3.

Further, the overlapping impairments of TBI and PTSD each arose from injuries received or events experienced by plaintiff during his 12 years of military service, during which he was deployed once to Kosovo (2005-2006) and twice to Iraq (Feb. 2007 to Feb. 2008 and Dec. 2009 to Mar. 2010). Tr. 508; Tr. 20 ¶ 5 (TBI occurring in 2009); Tr. 451, 463, 895 (anxiety and PTSD resulting from traumatic experiences during military service). Thus, there is commonality in the source of the impairments found to be severe in the two decisions.

The court further concludes that the evidence of the increased VA disability rating referenced in the 2014 decision is also clearly material. As previously noted, the adjusted rating was effective as of 9 August 2012 and, therefore, applied to more than five months of the alleged period of disability period addressed by the 2013 decision—23 March 2010 to 30 January 2013.

Moreover, it is well-established in this circuit that an ALJ "must give substantial weight to a VA disability rating." *Bird*, 699 F.3d at 343.

## E. Good Cause

Lastly, as to the third requirement, plaintiff obviously had good cause for not submitting the 2014 decision in the proceedings before the ALJ or the Appeals Council. It was not issued until after plaintiff's commencement of this action. *See Brunson*, 2013 WL 1332398, at *3 (finding good cause where the subsequent decision was issued after the date of Appeals Council's denial of review in the instant case).

The court also finds good cause for plaintiff not having submitted evidence of the change in his VA disability rating even though the effective date of the change, 9 August 2012, was several months prior to both the hearing and issuance of the 2013 decision. First, there is nothing that indicates when plaintiff was notified of this change.

In addition, because plaintiff was unrepresented during the proceedings before the ALJ and the Appeals Council, he was "entitled to the sympathetic assistance of the ALJ to develop the record, to 'assume a more active role' and to adhere to [a] 'heightened duty of care and responsibility.'" *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980) (quoting *Livingson v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980)). The Fourth Circuit has held that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4h Cir. 1986); *see also Herrien v. Astrue*, No. 2:11cv560, 2013 WL 1121361, at *11 (E.D. Va. 21 Feb. 2013) (recommending remand, in part, on the grounds that the ALJ failed to adequately develop the record regarding the claimant's VA disability rating where the evidence presented by counsel and the claimant at the hearing was

incomplete on this issue), *rep. and recommendation adopted by* 2013 WL 1057173 (13 Mar. 2013). At the hearing before the ALJ, plaintiff's wife informed the ALJ that, despite her efforts, she had been unable to obtain plaintiff's recent records from the VA, and the ALJ responded that he would request the records himself. Tr. 54. Thus, it was reasonable for plaintiff to rely on the ALJ to obtain all relevant records from the VA, including those that would have shown plaintiff's current VA disability rating.[4]

## III. CONCLUSION

In sum, the court concludes that the three requirements for remand pursuant to sentence six have been met and that this case should be remanded. IT IS THEREFORE RECOMMENDED that plaintiff's motion (D.E. 18) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 21) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

In the remand, the Commissioner should "explain the apparent discrepancy in outcome between the first ALJ decision and the Commissioner's subsequent decision." *Brunson*, 2013 WL 1332498, at *4. The ALJ should also explain the effect, if any, of the change in plaintiff's VA disability rating on the disability determination. The court expresses no opinion on what resolution should be made on these matters.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 7 July 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except

---

[4] In the instant appeal, plaintiff asserts that one of the specific ways in which the ALJ failed to adequately develop the record was not obtaining the records relating to his VA disability determination. (Pl.'s Mem. 11).

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 23rd day of June 2014.

*[signature]*
James E. Gates
United States Magistrate Judge